UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| BRIAN D. BROADFIELD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00557-JPH-DLP |
| | ) | |
| UNITED STATES OF AMERICA, *et al.* | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 AND DIRECTING ENTRY OF FINAL JUDGMENT**

Petitioner Brian Broadfield, an inmate of the Federal Bureau of Prisons ("BOP") seeks a writ of habeas corpus arguing that that the BOP violated his constitutional rights by denying him early release under 18 U.S.C. § 3621(e), which allows for early release for inmates who complete a Residential Drug Abuse Program ("RDAP"). For the following reasons, Mr. Broadfield's petition must be **denied**.

**I. Factual and Procedural Background**

On March 14, 2016, the United States District Court for the Central District of Illinois sentenced Mr. Broadfield to a 208-month term of imprisonment, followed by an eight-year term of supervised release for Conspiracy to Manufacture Methamphetamine, a violation of 21 U.S.C. §§ 846, 841 (b)(1)(B). *United States v. Broadfield*, 13-CR-10055-001 ("Cr. Dkt.") Dkt. 195.

On May 5, 2017, Mr. Broadfield's sentence was reduced to a 156-month term of imprisonment, followed by an eight-year term of supervised release. *Id.* Dkt. 219. Mr. Broadfield's current projected release date is October 12, 2024, via Good Conduct Time release. Dkt. 7-1, ¶ 6.

In late 2017, the BOP's Designation & Sentence Computation Center ("DSCC") completed an offense review for Mr. Broadfield and found that he was not eligible for early release under the RDAP because his guideline level for his conviction included a six-level enhancement for conduct creating a substantial risk of harm to the life of a minor. Dkt. 7-1, ¶ 15. Mr. Broadfield unsuccessfully sought administrative relief from this conclusion and exhausted his administrative remedies before filing his petition. Dkt. 7-6.

## II. Discussion

"Section 2241 allows a prisoner to seek release if his continued custody violates the Constitution or federal laws." *Lopez v. Rios*, 553 F. App'x 610, 611 (7th Cir. 2014) (internal citations omitted). Mr. Broadfield's arguments in support of his § 2241 petition can be summarized as follows: the BOP exceeded its authority when it went beyond the elements of the statute upon which he was convicted to determine that his crime was violent, § 3621(e)(2)(B) is unconstitutionally vague, and the BOP's regulations related to § 3621 are vague.

First, Mr. Broadfield argues that his conviction – Conspiracy to Manufacture Methamphetamine – is a nonviolent offense under 18 U.S.C. § 3621(e)(2)(B) and he therefore should be eligible for early release. That statute provides: "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing an [RDAP] may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." The BOP declined to grant Mr. Broadfield such a reduction based on an enhancement to his sentence under the Sentencing Guidelines because his offense included conduct that created a substantial risk of harm to the life of a minor. This conclusion was based on 28 C.F.R. § 550.55(b)(5)(iii), which precludes eligibility for early release when the prisoner

engaged in conduct that "presents a serious potential risk of physical force against the person or property of another."

In *Lopez v. Davis*, 531 U.S. 230, 234 (2001), the Supreme Court upheld a BOP regulation excluding from eligibility for early release under § 3621 prisoners whose offense was a felony involving a firearm. The Court explained, "[b]y denying eligibility to violent offenders, the statute manifests congressional concern for preconviction behavior—and for the very conduct leading to conviction." *Lopez*, 531 U.S. at 242 (2001). Thus, when determining eligibility for early release, the BOP may consider conduct – like Mr. Broadfield's – that was part of the offense even if it was not part of the elements of the statute of conviction. *See Bush v. Pitzer*, 133 F.3d 455, 458 (7th Cir. 1997) ("A prisoner whose *offense* is "nonviolent" but whose underlying *conduct* is violent or prone to violence rationally can be excluded from the program.") (emphasis in original).

Mr. Broadfield's arguments that § 3621 is vague and that the regulation the BOP relied on is vague amount to arguments that his due process rights were violated when he was denied early release. *Cf. Johnson v. United States*, 135 S. Ct. 2551, 2257 (2015) (explaining that the Due Process Clause is violated when the government denies someone life, liberty, or property "under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes") (citing *Kolender v. Lawson,* 461 U.S. 352, 357-58 (1983)). "It is axiomatic that before due process protections can apply, there must first exist a protectible liberty or property interest." *Solomon v. Elsea,* 676 F.2d 282, 284 (7th Cir. 1982). In the prison context, a liberty interest is created in only one of two ways: either the Due Process Clause confers it, *Sandin v. Conner*, 515 U.S. 472, 479 n.4 (1995)), or an interest is created by statute, *id*. at 477-78, 483-84.

The Due Process Clause does not provide a liberty interest in being released before the expiration of the full term of an otherwise valid term of imprisonment. *See Greenholtz v. Inmates*

*of Nebr. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). In addition, because 18 U.S.C. § 3621(e) confers discretionary authority to the BOP, it does not create any protected liberty interest for an inmate who successfully completes the RDAP. *See Lopez*, 531 U.S. at 241; *Reeb v. Thomas*, 636 F.3d 1224, 1128 n. 4 (9th Cir. 2011); *cf. Beckles v. United States*, 137 S. Ct. 886, 892 (2017) (holding that the advisory Guidelines are not subject to vagueness challenge because their application is discretionary). Because there are no due process rights attached to the BOP's decision to deny Mr. Broadfield early release, he has failed to show his continued incarceration violates the Constitution or any federal law.

### III. Conclusion

For the foregoing reasons, Mr. Broadfield's § 2241 petition is **DENIED.** Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 3/31/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRIAN D. BROADFIELD
18618-026
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

All Electronically Registered Counsel